# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN ANDRADE, : | |
|    Plaintiff, : | |
| : | CIVIL ACTION |
|        v. : | |
| : | NO. 10-CV-944 |
| WALGREENS-OPTIONCARE, INC., : | |
| OPTION CARE, INC., WALGREEN : | |
| EASTERN CO., INC., OPTION CARE : | |
| ENTERPRISES, INC., : | |
|    Defendants. : | |

## MEMORANDUM

Plaintiff Juan Andrade ("Andrade") brings suit against Walgreens-OptionCare, Inc., Option Care Inc., Walgreen Eastern Co., Inc., and Option Care Enterprises, Inc. (collectively, "Walgreens") for negligence and corporate negligence in improperly disposing of a used angiocath needle that later pricked Andrade. Andrade moves <u>in limine</u> to exclude evidence related to his immigration status and employment records. For the reasons that follow, I will **GRANT** in part, and **DENY** in part Plaintiff's Motion.[1]

At the Final Pre-trial Conference, Andrade's counsel stated that Andrade will testify at trial. Once Andrade becomes a witness, his credibility may be attacked. Fed. R. Evid. 607; <u>see also</u> <u>United States v. Irizarry</u>, 341 F.3d 273, 311 (3d Cir. 2003) ("[I]nasmuch as Irizarry was a witness, his character for truthfulness was an issue for the jury's consideration."). At the Final

---

[1] Jurisdiction is proper here pursuant to 18 U.S.C. § 1332(a). (<u>See</u> Notice of Removal, ECF No. 1 ¶¶ 1-11.)

Pre-trial Conference, Walgreens explained that at trial, he would impeach Andrade's credibility by referring to his immigration status. Andrade asked that I preclude Walgreens from doing so under Rule 403, because of the risk of unfair prejudice. Fed. R. Evid. 403.

Many courts have opined that references to a party's immigration status expose that party to a substantial risk of unfair prejudice. See United States v. Diaz, 494 F.3d 221, 226 (1st Cir. 2007) ("We accept the notion, as does the government, that evidence of a defendant's illegal immigration status carries with it the potential for prejudice."); Garcia v. Palomino, Inc., No. 09-cv-2115, 2010 WL 5149280, at *1 (D. Kan. Dec. 13, 2010) ("[T]he information Defendants seek, namely information relating to Plaintiffs' immigration status, has no bearing on the underlying issue of this case . . . . [W]hile such information may be relevant to assessing Plaintiffs' credibility, the Court, like others, finds that 'the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted far outweighs whatever minimal legitimate value such material holds for Defendants.'"); Uto v. Job Site Servs. Inc., 269 F.R.D. 209, 211 (E.D.N.Y. Sept. 20, 2010) ("Even where it is arguable that information concerning a plaintiff's immigration status may be relevant, courts have generally held that 'the potential for prejudice far outweighs whatever minimal probative value such information would have.'"); Rodriguez v. Niagara Cleaning Servs., Inc., No. 09-cv-22645, 2010 WL 2573974, at *3 (S.D. Fla. June 24, 2010) ("[C]ourts have held that the likely prejudice of allowing disclosure of the plaintiff's immigration status outweighs the benefits to the defendants, absent some particularized reason for the information."). Because the risk of unfair prejudice here substantially outweighs any probative value that status might have, I will grant Andrade's Motion

to preclude Walgreens from presenting evidence relating to Andrade's immigration status under Rule 403.

The Motion also asks to preclude Walgreens from introducing evidence relating to Andrade's alleged misrepresentation of his Social Security number on his employment forms. If Andrade's misrepresentations are probative of his credibility, they may be admissible impeachment evidence, subject to the restrictions in Rule 608(b) of the Federal Rules of Evidence, which states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b) (emphasis added).[2]

Under Rule 608(b), "[t]he court may at its discretion permit questioning about specific instances of conduct on cross-examination, but only if the conduct is probative of the witness's character for truthfulness or untruthfulness." United States v. Williams, 464 F.3d 443, 448 (3d Cir. 2006); Fed. R. Evid. 608(b). If the conduct is probative of the witness's character for

---

[2] Walgreens has argued that Andrade's misrepresentations are relevant to his credibility. Although it is possible for extrinsic evidence or prior misconduct to be admissible if it is relevant to other issues in the case, such as those listed in Rule 404(b), no such issue is implicated here. Cf. United States v. Davis, 183 F.3d 231, 257 (3d Cir. 1999) (discussing the difference between evidence of a witness's character for truthfulness, governed by Rule 608(b), and evidence "of other crimes or wrongs . . . [that are] only admissible [to show] motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" governed by Rule 404(b)); Irizarry, 341 F.3d 273, 311-12 (3d Cir. 2003) (discussing the relationship between Rules 404(b) and 608(b)).

truthfulness, a party may inquire of that conduct on cross-examination, but <u>may not</u> offer extrinsic evidence of the conduct. Fed. R. Evid. 608(b); <u>Williams</u>, 464 F.3d at 448 ("Under Rule 608(b), specific instances of conduct of a witness, other than conviction for a crime, may not be proved at trial through extrinsic evidence . . . ."). In other words, a party may ask a witness on cross-examination about a specific instance of conduct probative of that witness's character for truthfulness, but "[i]f the witness denies the conduct, . . . the questioning party must take the witness' answer[.]" <u>United States v. Matthews</u>, 168 F.3d 1234, 1244 (11th Cir. 1999); <u>United States v. Whitmore</u>, 359 F.3d 609, 622 (D.C. Cir. 2004) ("Fed. R. Evid. 608(b) prohibits extrinsic evidence on cross-examination and thus crossexaminer is 'stuck with whatever response' witness gives." (citing <u>United States v. Brooke</u>, 4 F.3d 1480, 1484 (9th Cir. 1993))). If the conduct is sufficiently prejudicial, however, it is within the discretion of the court to preclude a party from even inquiring about the conduct on cross-examination, pursuant to Rule 403. <u>See</u> <u>Williams</u>, 464 F.3d at 448 (noting that questioning about prior misconduct otherwise permissible under Rule 608(b) may be excluded under Rule 403).

Andrade's misrepresentations on his employment forms are probative of his credibility. <u>See</u> <u>United States v. Redditt</u>, 381 F.3d 597, 602 (7th Cir. 2004) ("Because Redditt failed to identify her conviction on the employment application, the document was relevant to her character for truthfulness."). Those misrepresentations are thus admissible under Rule 608(b), and may be "inquired into on cross-examination of the witness . . . ." Under the clear terms of Rule 608(b), however, Walgreens is <u>only</u> permitted to <u>ask</u> Andrade about the misrepresentations on cross-examination. Whatever response Andrade gives, Walgreens must take that answer. <u>Matthews</u>, 168 F.3d at 1244.

Andrade alternatively argues that even if questions about his misrepresentations are admissible under Rule 608(b), that they should be excluded as prejudicial under Rule 403. To the extent that the questions ask directly about Andrade's social security number, I agree. Permitting Walgreens to inquire directly about whether Andrade lied about his social security number exposes Andrade to the same risk of prejudice as asking about his immigration status. This is especially true here, given that Andrade does not speak English, and will be using an interpreter if he takes the stand at trial. The combination of Andrade's inability to speak English, and the suggestion that he does not have a social security number, exposes Andrade to the risk that the jury might leap to a conclusion about his immigration status, leading to the same risk of unfair prejudice as if Walgreens directly inquired about Andrade's immigration status. I will therefore preclude Walgreens from directly inquiring on cross-examination about Andrade's social security number.

If Walgreens limits its questioning to inquiring generally about whether Andrade lied on his employment forms, there is no such risk of this type of prejudice. To the extent that Walgreens limits its questions to asking generally about misrepresentations on employment forms, without directly referencing Andrade's social security number or lack of one, Walgreens may question Andrade about those misrepresentations on cross-examination under Rule 608(b). Again, however, Walgreens is bound by Andrade's answers, and cannot produce extrinsic evidence of the alleged misrepresentations, including the employment forms themselves.

Walgreens also suggested at the Final Pre-trial Conference that Andrade's misrepresentations as to his social security number may be admissible as prior inconsistent statements within the meaning of Fed. R. Evid. 613. This Rule, however, only applies "when

-5-

two statements, one made at trial and one made previously, are irreconcilably at odds." United States v. Askew, 201 F. App'x 858, 860 (3d Cir. 2006) (emphasis added) (quoting United States v. Meserve, 271 F.3d 314, 320 (1st Cir. 2001)).  In order for Andrade's alleged misrepresentation as to his social security number to be relevant, then, the number he provided on his employment forms must be "irreconcilably at odds" with a social security number he provides at trial.  In other words, the only way for Andrade's misrepresentations to be admissible as a prior inconsistent statement would be for Walgreens to ask Andrade at trial for his social security number, and then for Andrade to testify to a number different to that in his employment forms (or to not having a social security number).  Walgreens cannot ask that initial question here, however, because the answer to that question is not relevant to any substantive issue in the case. See Fed. R. Evid. 401 (""Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (emphasis added)); Id. 402 ("Evidence which is not relevant is not admissible.").

                                                  s/Anita B. Brody

                                     _____
                                     ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                  Copies **MAILED** on _____ to: